UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARQUELL BURRELL,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 14-CR-20306
CIVIL CASE NO. 16-CV-14297

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 24)**

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Doc. 24) be **DENIED** and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On September 9, 2014, Petitioner Eric Marquell Burrell pled guilty to Count 1 of the indictment charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 21). On December 15, 2014, judgment was entered and Petitioner was sentenced to 151 months of incarceration. (Doc. 22 at 2). Petitioner did not file a direct appeal to the Sixth Circuit.

On December 8, 2016, Petitioner filed the instant motion to vacate sentence under 28 U.S.C. § 2255. (Doc. 24). On January 28, 2017, Respondent, the United States of America,

filed a response (Doc. 30), and on February 6, 2017, Petitioner filed a reply (Doc. 31). This matter is therefore now ready for a report and recommendation.

### B.     Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitation on § 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a § 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Petitioner did not file a direct appeal, and judgment was entered on December 15, 2014. (Doc. 22). Therefore, Petitioner's judgment became final on December 30, 2012. The instant petition was filed on December 8, 2016, far beyond the one year limitation period.

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Petitioner raises a single ground for relief in his motion to vacate sentence; he asserts that his "prior Michigan state offenses for delivery of a controlled substance are no longer considered valid predicate offenses as required to trigger designation as a career offender," and

that he was therefore sentenced improperly. (Doc. 24 at 4). In his supporting brief, Petitioner asserts that his prior state drug convictions are insufficient to support his sentence enhancement under the United States Sentencing Guidelines ("USSG") § 4B1.1. (*Id*. at 14). Petitioner cites Supreme Court case law, namely *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Descamps v. United States*, 133 S.Ct. 2276 (2013); and *Shepard v. United States*, 544 U.S. 13 (2005) for the proposition that "courts may no longer reference prior record documents in making a determination" as to whether prior drug offenses constitute predicate offenses upon which a sentencing enhancement under USSG § 4B.1.1 can be based. (Doc. 24 at 14).

Petitioner concedes in a reply brief that these cases were decided prior to his conviction, and thus "are not a new rule of law." (Doc. 31 at 2). However, he argues that his "counsel obviously failed to understand or investigate" these cases, and was as a result constitutionally ineffective. (*Id.*).

The thrust of Petitioner's argument is that his 2006 and 2011 state convictions on drug offenses "no longer qualify as serious drug offenses under the terms of the career offender guideline established in U.S.S.G. § 4B.1.1." (Doc. 24 at 13). In his reply, Petitioner notes that the state law under which he was convicted, MCL § 333.7401, prohibits several different acts, including "manufacturing, creating, delivering, or possessing with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form," and thus argues that certain violations of that statute might "not constitute a controlled substance offense for purposes of USSG § 4B1.2(b)." (Doc. 31 at 3).

3

### 1. Petitioner Waived His Right to Appeal

Foremost among the numerous deficiencies in Petitioner's motion is that he waived his right to appeal in consideration for certain promises made by Respondent in the parties' Rule 11 Plea Agreement. (Docs. 17, 21). Specifically, Petitioner agreed that if the sentence imposed did not exceed the maximum provided for in the agreement (top of the guideline range), he would be unable to pursue an appeal as to his conviction or sentence "on any grounds," including via "any post-conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. § 2255." (Doc. 17 at 4, 6-7). The applicable guideline range was 151 to 188 months (*Id.* at 3), and Petitioner was given a sentence at the bottom of that range, 151 months (Doc. 22 at 2). As demonstrated by the transcript of Petitioner's guilty plea, the plea was knowingly and intelligently made, and Petitioner fully understood that he would "never . . . be able to complain about [his] conviction or [his] sentence" as long as he was sentenced within the applicable guideline range. (Doc. 21 at 14). I also note that although Petitioner contends, in his reply brief (Doc. 31), that he did not consent to the magistrate judge taking his plea, he signed a written consent (Doc. 15) and he confirmed his consent on the record in court at the time of the plea taking. (Doc. 21 at 3-4.)

Petitioner has thus waived his right to appeal his conviction or sentence, at least insofar as he does not challenge that his plea was made knowingly and voluntarily. Where a petitioner argues that their plea was the result of ineffective assistance of counsel, or was made in a manner that was not knowing or voluntarily, "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the

substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). In his § 2255 motion, Petitioner asserts that his prior drug offenses are "no longer considered valid predicate offenses as required to trigger designation as a career offender." (Doc. 24 at 4). This does not sound like an attack on the voluntary or knowing nature of his plea at all, neither does it sound like an attack on the effectiveness of his counsel. Instead, it appears to be an argument that a newly recognized right, as enumerated by the Supreme Court, has created a claim for relief pursuant to 28 U.S.C. § 2255(f)(3). For reasons discussed below, this too is incorrect.

In his reply, Petitioner for the first time argues that his counsel was "constitutionally ineffective." By reserving any discussion about the effectiveness of his counsel for his reply brief, Petitioner has denied Respondent an opportunity to address these concerns. Fairness demands that Petitioner's ineffective assistance of counsel claim be waived. *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (holding that arguments raised for the first time in a reply brief are waived). The Court therefore need not address these arguments. Having failed to raise any arguments regarding the voluntary, knowing nature of his plea or the effectiveness of his counsel in his § 2255 motion, Petitioner has presented no reason to question the validity of his appeal waiver, and must hold up his end of the bargain. Because his appeal waiver is effective, it is arguable that even an intervening change in the law could not revive Petitioner's ability to raise a claim on appeal. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea

5

involuntary or unknowing or otherwise undo its binding nature."), cert. denied, 546 U.S. 862 (Oct. 3, 2005).

### 2. Petitioner's § 2255 Motion Was Untimely Filed

Even if Petitioner's claim for relief was not barred by the appeal waiver in his plea agreement, his claim would fail by reason of being untimely. As noted above, Petitioner had one year following his judgment becoming final in which to file a motion under § 2255 challenging his conviction or sentence. *See* 28 U.S.C. § 2255. Petitioner suggests that the statute of limitation does not bar his claim because *Mathis* and *Descamps* and § 2255(f)(3) operate to create another one year period in which he can bring his motion. However, for the reasons stated below, neither *Mathis* nor *Descamps* nor any other case law provides any relief for Petitioner.

The Armed Career Criminal Act ("ACCA") provides that persons who commit serious drug or firearms crimes, and who have three prior convictions meeting the definition of a "violent felony" or "serious drug offense" are subject to a heightened sentence. 18 U.S.C. § 924(e). In *Johnson v. United States*, 135 S. Ct. 2551 (2015) the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause, *i.e.*, the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

*Johnson* marks the beginning of a wave of federal court decisions analyzing the propriety of sentencing enhancements under the ACCA and similar provisions under the USSG. Although Petitioner recognizes that *Johnson* provides him no relief, he nonetheless erroneously maintains that other cases following *Johnson,* such as *Mathis* and *Descamps* do. (Doc. 31.)

The residual clause addressed in *Johnson* follows a list of enumerated violent felonies under § 924(e)(2)(B)(ii), *i.e.*, "burglary, arson, or extortion, involves the use of explosives." This list of crimes is sometimes called the "enumerated clause". *See United States v. Pettis*, No. 3:12 CR 122, 2016 WL 4705144, at *1 (N.D. Ohio Aug. 5, 2016). In *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), the Court held that in determining whether a prior state violent felony conviction counts toward a federal sentence enhancement under the ACCA under the enumerated clause, courts must apply the categorical approach - not the modified categorical approach - where a criminal statute establishes various means for satisfying a single element. *Mathis* governs how to interpret whether a state conviction qualifies under this list of generic offenses. The Court in *Mathis* found that Iowa's burglary statute had a broader locational element than generic burglary and thus, the Iowa conviction could not qualify as a prior violent felony conviction under the ACCA's enumerated clause. *Mathis* has no application where an offender was not sentenced under the ACCA nor does it have any relevance where enhancement under the sentencing guidelines was based on prior controlled substance offenses because the enumerated and residual clauses defining violent felonies are entirely separate from the provisions dealing with controlled substance offenses. *See United*

*States v. Stevenson*, No. CR 13-44-DLB-EBA, 2017 WL 319187, at *3 (E.D. Ky. Jan. 23, 2017).

Petitioner fares no better under cases analyzing the more relevant sentencing guideline provisions addressing career offender enhancements. The Sixth Circuit has held that the USSG § 4B1.1, which pertains to career offender sentence enhancements, also has a residual clause defining the meaning of a "violent felony," which is identical in wording to the residual clause in the ACCA, *see* USSG § 4B1.2(a), and that the *Johnson* rationale applies equally to the USSG residual clause defining a crime of violence. *See United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). The USSG provides that an offender is a "career offender" where they were least eighteen years old at the time he or she committed the instant offense of conviction, the instant offense of conviction was a crime of violence or a controlled substance felony, and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG §§4B1.1 and 4B1.2. A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG §4B1.2(b).

Petitioner's sentence was enhanced under the career offender sentencing guideline provision based on his state court felony controlled substance convictions which occurred in November 2006 and March 2011. *See* (Doc. 17 at C1-C2); (Doc. 23 at 10) ("[T]he defendant

8

has a series of prior criminal history points, have [sic] three different prior delivery of controlled substances as well as other offenses").

Petitioner argues that the Michigan statute under which he was convicted allows conviction for acts that "do[] not constitute a controlled substance offense for purposes of USSG § 4B1.2(b) and he cites *Descamps* as authority. (Doc. 31 at 3.) I note first that *Descamps* considered enhancement for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner was not sentenced as an armed career criminal; therefore, *Descamps* is inapposite. *Henry v. United States*, No. 3:13-cv-0824, 2014 WL 2811816, at *8 (M.D. Tenn. June 23, 2014)(where petitioner was not sentenced as an armed career criminal, "*Descamps* has no application").

The Court in *Descamps* held that when determining whether a state criminal statue may qualify as a violent offense under the ACCA, courts should apply a modified categorical approach (which focuses on the elements rather than the facts of a prior conviction and then compares it to the generic offense) to its analysis if the state statute is divisible. 133 S. Ct. at 2285. A state statute is divisible if it sets out one or more elements of the offense in the alternative. If the statute does not list alternative elements, then the "categorical approach needs to help from its modified partner" thus, the modified approach should not be used. *Id.*

Petitioner argues that the state law under which he was convicted, MCL § 333.7401, prohibits several different acts, including "manufacturing, creating, delivering, or possessing with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a

9

counterfeit prescription form," and thus argues that certain violations of that statute might "not constitute a controlled substance offense for purposes of USSG § 4B1.2(b)." (Doc. 31 at 3).

Petitioner's argument regarding MCL 333.7401 raises concerns addressed by the Court in *Descamps*, but as described below, Petitioner is nonetheless not entitled to relief. In *United States v. Solomon*, 592 F. App'x 359, 361 (6th Cir. 2014), the Sixth Circuit noted concerns raised by the Court in *Descamps* because "it is possible for §333.7401 to be violated in a way that constitutes a controlled substance offense for purposes of §4B1.2(b) of the sentencing guidelines (manufacturing, creating, or delivering a controlled substance, or possessing a controlled substance with intent to do any of those), and it is possible for §333.7401 to be violated in a way that does *not* constitute a controlled substance offense for purposes of §4B1.2(b) of the sentencing guidelines (manufacturing, creating, delivering or possessing a prescription form or counterfeited prescription form)." *Id*. The Court then analyzed whether the defendant's state court convictions were for controlled substance offenses as defined by the federal sentencing guidelines. Since the defendant was convicted of delivery of marijuana and attempted possession with intent to deliver marijuana, his convictions were for controlled substance offenses under the federal sentencing guidelines and he was properly enhanced as a career offender. *Id*. at 362.

The same is true in the instant case. Petitioner has not argued nor does it appear that he was charged or convicted based on this prescription form language. His prior state convictions were for delivery of cocaine in 2006 and delivery of cocaine in 2011. These convictions qualify

as controlled substance offenses under the federal sentencing guidelines and were properly used to treat Petitioner as a career offender under §4B1.2(b).

Having filed this motion well beyond the one-year statute of limitation provided for claims under 28 U.S.C. § 2255, and having identified no Supreme Court case which would permit his filing of a motion under § 2255(f)(3), Petitioner is unable to pursue a collateral attack on his conviction or sentence upon any grounds alleged.

### 3. Petitioner's Argument Fails on the Merits

Even if Petitioner's petition was made timely under § (f)(3), and even if he had not waived his right to collateral attack, his argument would fail on the merits for the same reasons described above.

### 4. Conclusion

For the reasons stated above, I **RECOMMEND** that Petitioner's Motion (Doc. 24) be **DENIED** and that the civil case be **DISMISSED**.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950

(6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   March 2, 2017                           S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.   A copy was also sent via First Class Mail to Eric Marquell Burrell #50085039 at Hazelton U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 5000, Bruceton Mills, WV 26525.

Date: March 2, 2017                             By s/Kristen Castaneda
                                                Case Manager