UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 14-20306

v.                                                Honorable Thomas L. Ludington

ERIC MARQUELL BURRELL,

        Defendant.

_____/

**ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE**

On May 28, 2014 Defendant was indicted by a grand jury for one count of possession with intent to distribute cocaine base. ECF No. 9. He pled guilty and was sentenced to a term of 151 months of incarceration and three years of supervised release on December 15, 2014. ECF No. 22.

Defendant filed a pro se motion to reduce his sentence due to the spread of COVID-19. ECF No. 37. Due to mailing delays caused by COVID-19, the motion was docketed on June 23, 2020, but in accordance with 20-AO-26, the postmark date of June 5, 2020 was used for the filing date.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

## II.

Defendant explains in his motion that he is seeking a reduction of sentence "for numerous reasons." ECF No. 37. First, he states that this Court encouraged him to address his substance abuse and to acquire a trade. He provides that he has "completed phase 1 and 2 substance abuse treatment, I've obtained my carpentry certification building homes for habitat for humanity at Hazelton FCI. In addition I also obtained my auto electronics, window tinting and graphics application at FCE Bastrop TX retro fitting law enforcement vehicles for all agencies for over 2 yrs." *Id.* at PageID.177. He argues he is a nonviolent drug offender and "there was never a proper sentences memo in regards to my mental and physical conditions at the time of the offense which

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

- 3 -

. . . could have warranted a downward departure." *Id.* Third, he provides he has served over fifty percent of his sentence and "earned my way to a custody level of camp status." *Id.* at PageID.178. He is currently in an Oklahoma City transit facility. He concludes his motion by stating that "In closing I understand I'm not obligated for a sentences reduction of any kind, but at the mercy of the court, would like to be consider and hopefully giving a chance." *Id.* (sic throughout).

After a sentence has been imposed, "[a] district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). 18 U.S.C. § 3582(c) provides that a term of imprisonment may be modified in three circumstances, 1) upon a motion for compassionate release pursuant to § 3582(c)(1)(A), 2) if otherwise permitted by statute or Federal Rule of Civil Procedure 35 pursuant to § 3582(c)(1)(B), or 3) the Sentencing Commission has reduced the sentencing guidelines pursuant to § 3582(c)(2). If a defendant files a motion under § 3582(c)(1)(A), he or she must first exhaust all administrative remedies with the BOP or wait for 30 days to lapse after the warden received the request. This requirement applies even during the COVID-19 pandemic. *United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion Defendant does not identify any change in law or fact that would allow him to receive a reduction in sentence. Even assuming that Defendant's motion could be construed as a motion for compassionate release, he did not explain if he exhausted his administrative remedies with BOP. The Court commends Defendant for his efforts regarding his substance abuse treatment and his acquisition of multiple skilled trades. The Court is also aware of the time sensitive nature of Defendant's request. However, Defendant has not offered a legal rationale for a reduction in sentence.

- 4 -

Accordingly, it is **ORDERED** that Defendant's motion for a reduction in sentence, ECF No. 37, is **DENIED**.

Dated: June 29, 2020
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Eric Marquell Burrell, #50085039, at Federal Transfer Center, P.O. Box 898801, Oklahoma City, OK 73189-8801 by first class U.S. mail on June 29, 2020.

s/Suzanne Gammon
SUZANNE GAMMON